CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKL
JAN 19 2010
JOHN F. CORCORAN, CLERK
BY: H McDonag
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB ALAN SHOUSE, <br> Plaintiff, | Civil Action No. 7:09-cv-00461 |
| v. | MEMORANDUM OPINION |
| ERIC MADSEN, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Jacob Alan Shouse, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §1343. Plaintiff complains that he does not receive adequate mental health treatment. Plaintiff admits in his complaint that, although he has been suicidal in the past and "may" have to resort to attempting suicide to get the transfer he wants, "he doesn't want to kill himself." After screening the complaint, I dismiss the action without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services. Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense,

I may raise the issue of exhaustion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of plaintiff's submissions that he did not complete the available administrative remedies procedures before filing the instant complaint. Plaintiff states in his complaint that he "hasn't finished exhausting his administrative remedies but has filed his informal complaint and grievance" and other request forms. (Compl. ¶ 36.) Until plaintiff properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if he files his complaint before completing the exhaustion process, and I must dismiss the suit. Therefore, it is in the interest of judicial economy (and in plaintiff's own best interest) for me to summarily dismiss a civil action if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies before filing this lawsuit. See Anderson, 407 F.3d at 682. Accordingly, I dismiss the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[1]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 19th day of January, 2010.

Senior United States District Judge

---

[1] Plaintiff may refile his claims in a new civil action once he exhausts all administrative remedies in the proper order.